Good morning, Your Honor. Ben Coleman for the appellant Richard Latka. Unless the court had a different preference, I was going to start with the indictment challenge, and specifically our challenge that the indictment was deficient under Russell v. United States. I wanted to at least start off with the preservation question. The government contends that this claim is not adequately preserved. It's our position that there was a pretrial motion to dismiss the indictment, and although the indictment was captioned a motion to dismiss for duplicity, in the body of the motion itself it argued that the indictment failed to provide sufficient notice. It lacked the specific threat that was charged. It was ambiguous. And it's our position that based on cases like United States v. Piaris-Golan, that the claim is adequately preserved and that this court should review de novo. With respect to the merits of the claim, it's our position that this is the type of offense that requires more specificity in the indictment, that the actual threat should be alleged in the indictment. Why? Well, I think the cases where the courts have dismissed for lack of Russell specificity have been cases based on a defendant's statements. When a defendant's oral statements are at issue, you can articulate many, many statements within the course of a day. I thought the government charged a course of conduct that was threatening. Some of it involved words. I must say your client certainly wasn't very smart in this whole episode. He just went looking for trouble, and he found it. But it took him some doing. I mean, he really was persistent. Not only does he confront the officer right there, which is none of his business, but he follows him. So it's a whole course of conduct. I don't understand what it is the government could or should have alleged. You think they should have indicted him for several separate threats? Is that what your claim is? I think that they could proceed under the one count, but they should have specified the different threats. I mean, ultimately, this case didn't go to the jury on a conduct theory. It went to the jury on a statements theory. The government never proceeded at trial on any type of conduct that simply him driving the vehicle or him. Well, it wasn't simply. It was a course of conduct. I mean, he spoke, he followed, he confronted. He did a number of things which amounted to threats. But the jury found them under the threats. I just don't see what your problem is here. Well, if they wanted, if there was a conduct theory, it should have been alleged in the indictment. What do you mean a conduct theory? Where does this conduct theory come from? Well, I thought Your Honor was saying that they alleged a course of conduct. There was a course of conduct that involved words and actions. So I don't know what this conduct theory is. Where does this term come from? If it's a words or action combination, as I think Your Honor is saying, then those words and actions should have been alleged in the indictment. Why? I don't think that's what, I don't hear the question to be asking that. It's a sequence, and I think there are three different stops along the way, and the threat keeps getting repeated, right? But all three threats are allegedly threatening comments. The jury believed them. Happened over a course of, that's the series, right? But it's a pretty compact time frame. It's not like over a long period of time. It happened one day. It happened probably within, what, 30 minutes or something. How is your client? At a disadvantage or surprised or? Well, the one example is we have both what I would call a direct threat theory, and then there's, at trial, in comes an indirect threat theory that he said something to the neighbor. Well, what difference does that make if he's saying the words? It's not like conduct in the sense of threatening gestures. It's words your client uttered in three different stops, right? The driveway and down the street and then to neighbors. I'm summarizing, but what was unfair to your client about any of this, and why would it be a good idea for us to enter an opinion suggesting that this should have been three different charges? That's what I think you're arguing. No, I'm not arguing three different charges. I'm just arguing that if you want to charge it in one count, fine. Okay. But then allege what is the specific threat or threats, whether it's conduct or whether it's verbal conduct, allege what it is in the count, in the one count. So you could allege three. What they could have done, based on the way the case went to the jury, is they could have said one count, threat number one is telling the neighbor that he killed someone that points a gun at him. Threat number two is when he stopped at the stop sign and said, next time you're dead. And threat number three is when he came back later and told the neighbor again, I killed someone who points a gun at me. So what ER should I look at to see exactly how it was charged where you think that the indictment is insufficient? Well, the indictment – The ER, so I can turn to it quickly. Okay. The indictment itself is on page – is ER 86 to 87. Okay. Thank you. And it just tracks the statutory language, includes the date and the location. That's it. And so what I propose is that, in addition to what they put in that indictment, that there be a two-wit clause, which we see, for example, in a false statements charge. What they typically will do is say the defendant committed a false – made a false statement in a federal proceeding on this particular date. Here are the two false statements or the three false statements or whatever it may be. And we just don't have that in this indictment. And what is it that – what case – what authority do you rely on that says he's entitled to have those specifics in the indictment? Well, we – admittedly unpublished. There's an unpublished opinion from this court. Well, unpublished is not – I understand it's not binding. But I think – What authority do you rely on? In addition, as far as published precedent, again, not from this court but from the D.C. Circuit, there's a case called Nance, which was a false pretenses cases – case cited in the brief, Your Honor. There's another case from out of circuit as well. What is Nance? Nance is a false pretense case. In that case, the indictment alleged that the defendant committed a false pretense offense. It gave the date, and it gave the victims, and it gave how much money he secured, but it did not allege the actual false pretense. And the D.C. Circuit said that the indictment was deficient under Russell. And we're just asking for a similar rule here in the context of threats that they can do one count, but just specify whether it's a conduct or whether it's a verbal indication. What is the threat? You can't test for a bill of particulars? Well, you can, but a bill of particulars doesn't cure an invalid indictment, and the Supreme Court has said that for many years. So the question is, what did the grand jury find? And a bill of particulars does not address that problem. Here we have no idea whether the grand jury found some continuing threat. Did it find threat number one? Did it find threat number three? We don't know. If the indictment had been structured the way I'm suggesting, then – It all sounded pretty bad. It all sounded bad? It all sounded pretty bad. Well, it would have been, but it would have been clear. And that's what we're asking for, is there is a Fifth and Sixth Amendment right to know what did the grand jury – What exactly was your problem? I mean, what exactly was the prejudice from all of this? How was your client prejudiced? They couldn't have been cured by the bill of particulars if there was prejudice at all. Well, you can't cure – again, if the grand jury doesn't file the charge, you can't cure it with a bill of particulars. Just because the government or a judge wants to say, okay, we're going to trial on these three threats, if the grand jury didn't find it, that doesn't cure the prejudice because you've now been tried on a charge that the grand jury didn't find. So that's the problem. There isn't a prejudice analysis here. But if the court thinks that somehow I do have to show prejudice in addition to what I just said, we have a situation now where it's our position that, for example, the third threat where he comes back afterwards and says to his neighbor, did you know that guy? Do you know his name? And the neighbor says no. And he says, I'm going to call that guy a supervisor. No one points a gun at me. I'm going to kill him. Well, how that could be sufficient evidence that he intended to threaten the officer to interfere with his official duties when the person he's telling this to says, I don't even know who the officer is. He has to intend that the threat be communicated to the officer. There's no way that he could have intended that if he's telling somebody who has no idea who the officer is. What effect did the unanimity instruction have on your argument? None, because we don't know what the grand jury returned an indictment on. A unanimity instruction can maybe cure duplicity. So, for example, if the indictment had alleged the three threats that I'm saying, then the court could have given a unanimity instruction. And then this court would know, okay, the grand jury returned an indictment on these three threats, and we know that the jury unanimously agreed as to at least one of the three threats. But the problem here is that we have no idea what threat the grand jury returned an indictment on. And the unanimity instruction, it just tells us that the petty jury agreed as to one of these three threats, but we don't know if that's a threat that the grand jury indicted on. And that's the problem in the case. Thank you. Okay, thank you. Good morning, Your Honors. May it please the Court. Cassie Palmer for the United States. The defense was arguing that the indictment was duplicitous. Apparently that is waived because they seem to have abandoned it here. But I would note that this court has repeatedly held that in the interest of lenity, an indictment should not be split into three separate counts where it could be charged as one. I think that's right, and I read his briefing to be suggesting the contrary, but today he corrected me and said, no, what he really means is that there should have been more specificity about the threats because there are three different threats. And Judge Kaczynski has asked a question about the three different threats being a continuous, really one incident because it's over a pre-compacted period of time. It's not like they're different days or different weeks. Correct. At least I think that's what he was asking, and that's my read of this. So is there something in the record that tells us how long this sequence of events took? Your Honor, it was about 15 minutes. All three threats, all three locations within 15 minutes? Approximately, yes, approximately 15 minutes. And that will be in the testimony of Mr. Tercero. He said that the defendant came back about 15 minutes after he was pursuing the officer. And so when he was pursuing the officer, of course, is when he was first yelling out the window and said to Mr. Tercero and Mr. Howe, I'm going to kill him. If anyone points a gun at me, I'm going to kill him. Then he followed him, and then he said, next time you're dead. And then he came back and said again that he was going to kill him. So defense counsel's argument today, I think, really goes to the most generous interpretation that I can think of is that it goes to this third incident that you're just referring to because the indictment doesn't specify the three different or even that there were three different threats. And then it says, as you know, that he threatened to assault or murder a federal officer with intent to interfere with CE while CE was engaged in the performance of its official duties. So that third threat that wasn't made directly to the officer but was made at the end of the sequence, the officer's, I think, heading back to he's getting out of Dodge, I think. He's getting out of there. If the grand jury had indicted on that, would he have an argument that this is a different, just even going to the elements, that it would be a different defense? No, Your Honor. The jury was instructed that ER 18 is the threat instruction. And in that threat instruction, the court informed the jury that it's not necessary that the government prove the exact words of the threat and that Lotka need not communicate the threat directly to the intended target. Recipient of the threat only by a third party is sufficient if all of the other elements have been proven beyond a reasonable doubt. Right, but what he argues is this last clause, and I didn't make that clear, forgive me, but about that the intent was to interfere while he's performing his official duties. So CE was long gone. And he makes an argument in his briefing that that third threat really wasn't communicated well, or if it was, he didn't have any way of knowing whether CE was still performing his duties. I think that's the argument. Yeah, it's a creative argument, Your Honor, but I think considering the instruction I just pointed to, the jury's supposed to consider the totality of the circumstances to determine whether a threat is a true threat. So is the totality that while the victim, CE, is on his way driving back from this call, this house call that he made, that that's still performing within the scope of his official duties? That's correct. In fact, the officer did testify that when he went back to the forest to continue investigating the trash dump. And indeed there was also evidence that the defendant saw the officer  was talking to them, and he saw that the defendant was right behind him. And then finally, there was also evidence in the record that these two witnesses did in fact communicate the threats to the officer. So the jury had all of that information. This was not an issue. This third threat theory being insufficient was not raised below. So I'd just also like to point that out. And then one other point as far as the waiver issue. The government did submit a verdict form that set forth the three different threats, and the defense objected. That's at GER 160 to 165, the government's proposal. And the defense objected and said the only possibility is an election here. They refused to try to explain what the threat should be, and that's at GER 171 and 172. And so the court ultimately adopted the defense's unanimity instruction with no enumerated threats. And so now saying that it's not clear what the jury convicted on is, I think that that argument is waived. In addition, Your Honor, I would just like to point out the defense cited to Russell. And, you know, Russell stands for the proposition that an indictment was insufficient. That indictment charged to United States Code 192, which was a refusal to answer questions that were pertinent to the subject of the hearing than under inquiry of a congressional committee. And there the court said, well, you need to put the subject of the hearing into the indictment, and that's because that goes to the very core of the criminality of the statute. In reaching that decision, the court said that the subject of inquiry is often very unclear, and in fact there would be disagreement amongst judges when they're looking at the record. And so it's very important to put that fact into the indictment. Here, murder or assault can be set to be the topic of inquiry. Any statements relating to murder or assault, the defendant would be on notice. And any argument that he was not on notice is belied by the fact that in his motion to dismiss, he details the threats, he had discovery, he didn't request a bill of particulars, and he also had a transcript of the grand jury testimony, which he references in his materials. So given that he didn't take the natural steps of requesting a bill of particulars, given that the government had ID'd the threats, Well, the court of counsel says bill of particulars doesn't cure a defective indictment, and I think he's right about that. What do you make of Nance, the D.C. Circuit case, 1976? Yes, Your Honor. The defense cited to Curtis, Cuevas, Nance, and Tinelli, those all involved a failure to allege a false statement or false pretenses or misrepresentations. In all of those cases, the courts had held that such statements must be pled. There were binding holdings or persuasive authority. No court has held that the actual words of a threat or the classification of a threat needs to be pled. If you look at the cases that the government cited, like Klatt, which was threats against the Supreme Court clerk and the Supreme Court chief justice, there the actual threats weren't pled. In Robin, there was a single threat to kill that involved three different threatening statements to kill the president, and that's the Fifth Circuit. That was not required. And then, of course, the government cited Mims, which is an assault, threat, and intimidation of a crew member, and the court there said that there's no need to allege the specific species of an assault or threat to intimidate. In those cases, were there different threats made in different locations? Was it a series like here? Yes. Well, in Klatt and in Robin, in Klatt, there were threats over a six-month period. They were directed towards two different persons. There were voicemails, letters, and also threats to personnel at the court to be conveyed to these other people. And even though that was over a six-month period, the court held that that was sufficient. And then in Robin, there were three threatening statements. So the defendant called three different people on a single evening and threatened to kill the president, and that was held to be sufficient. So if the court has any other questions on that, I would submit. Thank you. I'll be quick. I think the false statements cases are a good analogy because there's a background First Amendment principle here, which is that a court has to make an independent evaluation about whether something is a true threat. And so when their statements are at issue, that is why I think the courts are requiring greater particularity in the indictment, and that's why I think there should have been greater particularity here. And then just one final point on the record. Why does everything that goes into it have to be specified in an indictment? I don't understand. If it's one charge and saying, look, these are threats, he threatened the officer, why does every single piece of evidence that supports that have to be in the indictment? Not every single piece of evidence, but each theory, I think, has to be. And the problem here is... Part of the theory is he threatened the officer. He threatened him by saying things, by following him, by confronting him. That's the theory. And that would be a perfect indictment? Government is not taking the position that the first thing or the statement to the neighbor was a threat, but the entire course of conduct was a threat. Why is that not sufficient? And how is that different from any other criminal indictment? Where we do not require that every piece of evidence making up supporting the charge be listed in the indictment. I agree. If the indictment had said he threatened him by doing things, by doing this, by doing that, that would be a great indictment. But what we have here is he threatened him, and that's it. And there are... If they had said he threatened him by this continuous course of conduct where he said this, that, and the other... Why do they have to say that? Why do they have to say that? They sort of say, look, they specify a date and a time. They specify an event. They said this was a threat. Why do they have to say, well, the course of conduct? Why do they have to say any of that? Well, I think under Russell there are some offenses. The Supreme Court has said some offenses you don't have to do that. You don't have to say the various things that make up the specific theory of the case. But there are other types of offenses where there is a greater... there's a requirement of greater specificity. And in this type of case, and just as an example, if you read this indictment, I'm not sure... But what is this type of case? What is the universe of cases you're talking about? I think that the two critical... Yes, and I think that there are two critical reasons why. One is it's based on oral statements of the defendant. And two, there are background First Amendment principles involved that the court must make an independent determination of whether something is a true threat. But then you cite Nance, which was not a threat case. It was not. So I... Well, there are no... I don't know of any threats case where they've addressed this issue. The government's cases that they're cited are either unpublished opinions or from out of circuit. Or there are cases where, for example, one of the cases they rely on, which is unpublished, I believe, involved a mailing, a specific mailing. It said that the defendant mailed this particular item, which was a threatening letter. Well, in that case, you know it's this mailing that is the threat. In this case, we're not given anything. We're just saying that he threatened him on this day, and that's it. And to read this indictment and think that, oh, what they meant was when he came back several minutes later, 10 or 15 minutes later, and said to the neighbor, do you know that guy? No, you don't know him? Well, if someone points a gun at me, I'm going to kill him. To think that that was a threat to interfere with his official duties and that that's what the grand jury actually found based on this indictment is surprising. I wouldn't read that indictment and think that that would possibly be the threat that interfered with his official duties. And that's the problem is that the jury could have very well returned a conviction based on a charge that was never found by the grand jury. And the defense did move for Rule 29, so they did preserve this issue. They moved for a Rule 29 motion at the end of the case. Thank you. Thank you, counsel. The case is argued will be submitted. The Court will take a 10-minute recess. All rise. This court is now in recess for 10 minutes.
judges: Reinhardt, Kozinski, Christen